UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE,<br><br>*Plaintiff*,<br><br>v.<br><br>NANCY PELOSI et al.,<br><br>*Defendants*. | Civil Action No. 22-659 (TJK) |

## STANDING ORDER IN CIVIL CASES

It is the responsibility of the parties, counsel, and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. Fed. R. Civ. P. 1. To that end, it is hereby **ORDERED** that the parties shall comply with the following directives:

1. **Local Rules**

    Absent a contrary order of the Court, all parties, including those proceeding *pro se*, shall comply with the Rules of the U.S. District Court for the District of Columbia ("Local Civil Rules"), which are available at https://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

2. **Communications with Chambers**

    Except as authorized in this order, parties may not contact chambers by telephone. *Ex parte* communication with the Court, including through law clerks, is prohibited. If extraordinary circumstances or emergencies so require, however, counsel may contact chambers jointly via conference call. Chambers will not provide legal advice of any kind. Parties may also contact the Courtroom Deputy Clerk, Katrina Harris, at **Katrina_Harris@dcd.uscourts.gov** or (202) 354-3495, with scheduling inquiries about the case.

3. **Service of the Complaint and Standing Order**

    Plaintiff shall promptly serve the Complaint in accordance with Federal Rule of Civil Procedure 4; shall file the proof of service with the Court, in accordance with Local Civil Rule 5.3; and shall ensure that all parties receive a copy of this Standing Order.

4. **Removed Actions**

   A Defendant removing an action to this Court must refile as a supplement to the Notice of Removal the original Complaint and any Answer and must promptly ensure that all Parties receive a copy of this Standing Order. Any motions pending at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered. *See* Fed. R. Civ. P. 81(c)(2).

5. **Court Proceedings**

   Unless otherwise indicated, all proceedings will be conducted in Courtroom 11 on the fourth floor of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. When the Court orders proceedings to proceed telephonically, each party must contact the Courtroom Deputy at (202) 354-3495 **at least one business day in advance** to make arrangements to appear.

6. **Electronic Filing**

   Except as provided for in Local Civil Rule 5.4[1] or with prior leave of Court upon good cause shown, the parties shall file all documents electronically. All electronically filed documents shall be filed in text-searchable Portable Data Format (PDF). Exhibits that must be scanned because they exist only in paper format should, if possible, be submitted as text-searchable files using Optical Character Recognition (OCR) technology, available in Adobe Acrobat. All electronically filed documents and exhibits shall be clearly titled, and exhibits shall be filed as separate documents. The Court may take into consideration technical difficulties experienced by a filer when presented a late filing. However, parties who wait until the last minute to begin filing are warned that technical difficulties do not necessarily constitute "good cause" or "excusable neglect" justifying an extension of an applicable deadline. Fed. R. Civ. P. 6(b). Further, no allowance can be made for late filing documents whose time limits are jurisdictional.

7. **Amended Pleadings**

   Any amended or proposed amended pleadings shall be accompanied by a redline comparison of the original and amended or proposed pleading.

8. **Initial Scheduling Conference and Scheduling Order**

   After an Answer is filed, for those cases covered by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the Court will set an Initial Scheduling Conference and order the parties to meet and confer to discuss the matters set forth in Local Civil Rule 16.3(c), and to jointly file a report addressing them. Following the Initial

---

[1] For example, parties proceeding *pro se* who do not have Case Management/Electronic Case Files (CM/ECF) System access are excused from the electronic filing requirement. *See* LCvR 5.4(e)(2).

Scheduling Conference, the Court will issue a Scheduling Order governing further proceedings in the case.

**9.     Rescheduling Hearings**

Requests to reschedule hearings are discouraged.  If a party seeks to change a previously scheduled hearing date, that party shall meet and confer with the opposing party and file a motion at least one week prior to the scheduled hearing that shows good cause and proposes four alternative dates and times that would be convenient for all parties.  If the suggested dates and/or times are not available on the Court's calendar, the Court will select an alternative date and/or time.  In the event that the Court is closed or has a delayed opening due to inclement weather or an unforeseen emergency, affected hearings will be rescheduled by the Courtroom Deputy Clerk.  If a party cannot comply with this one-week requirement, it shall explain why it cannot do so in its motion.

**10.    Motions for Extensions of Time**

Motions for extensions or enlargements of time are discouraged.  Such motions will only be granted only upon motion and not upon stipulation of the parties.  Such motions shall be filed at least **four days prior to the deadline** at issue and conform with the requirements set forth in this section.  If a party cannot comply with this four-day requirement, it shall explain why it cannot do so in its motion.  Motions for extension of time shall include the following: (1) the original date of the deadline the motion is seeking to extend; (2) the time requested for the extension; (3) the number of previous extensions, if any, granted to each party; (4) good cause supporting the extension; (5) the effect, if any, that the granting of the extension will have on other previously-set deadlines; (6) a proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and (7) a statement of whether opposing counsel opposes the motion in accordance with Local Civil Rule 7(m).  **If a party intends to file an opposition, it shall do so by 5:00 p.m. the business day after the motion is filed.**

**11.    Other Non-Dispositive Motions**

   **a.    Duty to Confer**

   All non-dispositive motions shall comply with Local Civil Rule 7(m), which applies to all non-incarcerated parties.  The Court may deny any non-dispositive motion that fails to include the required statement.

   **b.    Motions for Admission *Pro Hac Vice***

   All motions for admission *pro hac vice* shall comply with the requirements of Local Civil Rule 83.2(d).  The Court may deny any such motion that fails to provide all required information.

3

    **c.**    **Motions for Protective Order**

All motions for protective order shall: (1) include as an attachment the proposed order, and (2) explain why good cause exists to enter the proposed order, *see* Fed R. Civ. P. 26(c); *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 22–23 (D.D.C. 2007).

    **d.**    **Motions to Seal**

Absent specific statutory authority, a proposed sealed document in an otherwise unsealed case must be accompanied with a motion to seal in accordance with Local Civil Rule 5.1(h) and be filed pursuant to the procedures established by the Clerk's Office. Any motion for leave to file under seal shall: (1) explain why sealing specific information is justified in light of the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); (2) propose redactions or explain why redactions are sufficiently impracticable to outweigh the presumption of public access; and (3) include as a separate exhibit each document sought to be sealed. **Parties may not justify sealing solely on the basis that information is covered by a protective order.** When proposing redactions, parties shall also file an unredacted copy of the document with the proposed redacted portions highlighted.

**12.**    **Motions for Summary Judgment**

For those cases covered by Local Civil Rule 7(h)(1), each party submitting a motion for summary judgment shall comply with it by submitting a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement. The party opposing the motion shall, in turn, submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial.

The Court strictly enforces Local Civil Rule 7(h)(1) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h)(1); *see also* Fed. R. Civ. P. 56(e). In addition, the parties are encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996); the Court may strike statements of material fact that do not conform to the rules or do not comply with the below instructions.

The parties shall follow these instructions when briefing motions for summary judgment and filing statements of material facts:[2]

---

[2] Sample statements are provided as attachments to this Standing Order.

    a.    **Movant's Statement of Material Facts Not in Dispute**

The party moving for summary judgment shall, in accordance with Local Civil Rule 7(h)(1), file a short and concise statement of material facts for which it contends there is no genuine dispute. This document shall be formatted as a two-column table entitled "Statement of Material Facts Not in Dispute." In the left column, the moving party shall list in separately numbered rows concise statements of each material fact it contends is not in dispute, supported by citations to the record. The statement must contain only one undisputed factual assertion per numbered row. Following the filing of this document, the moving party shall promptly provide an electronic copy in editable format to the opposing party.

    b.    **Opponent's Counter-Statement of Disputed Facts**

The party opposing summary judgment shall, in accordance with Local Civil Rule 7(h)(1), file a statement setting forth all material facts that the party contends *are* genuinely disputed and thus require trial. This document shall be formatted as a two-column table entitled "Counter-Statement of Disputed Facts." In the left column, the opposing party shall include the list of material facts that the movant contends are not in dispute, with the movant's citations to the record. In the right column, the opposing party shall indicate whether each corresponding fact in the left column is admitted or denied, and for those denied, provide specific citations to the record. If the fact is admitted in part and denied in part, the opposing party shall specifically identify which parts are admitted and which are denied, with appropriate citations to the record. The opposing party shall also include any information relevant to its response in the right column, again, with specific citations to the record. If the opposing party has additional facts that do not directly correspond to its response to a specific paragraph, it must identify such facts in consecutively numbered rows in the right-hand column at the end of its responsive statement of facts. Following the filing of this document, the opposing party shall promptly provide an electronic copy in editable format to the moving party.

    c.    **Movant's Reply to Counter-Statement of Disputed Facts**

The moving party shall file a statement responding to any additional facts that the party opposing summary judgment has identified. This document shall be formatted as a two-column table entitled "Reply to Counter-Statement of Disputed Facts." In the corresponding spaces in the left column, the moving party shall respond to the opposing party's additional facts with appropriate citations to the record.

**13.**    **Courtesy Copies**

The moving party shall deliver to chambers two copies of a binder containing all the motion papers for (a) any motion for which the total combined submissions from both

parties, including exhibits, exceeds 100 pages in total length, or (b) any motion for summary judgment, **at the time the reply is filed**.  In the case of cross-motions, the initial moving party shall provide courtesy copies for the full set of briefing. Courtesy copies should include the headers added by the Case Management/ Electronic Case Files (CM/ECF) System and be submitted in binders, three-hole punched, printed double-sided.  Briefs and exhibits shall be tabbed and indexed for ease of reference.  If hand delivered, courtesy copies should be delivered to the loading dock for screening and should not be delivered directly to chambers.  If the parties have redacted or filed under seal any portion of the motion papers or attendant exhibits, courtesy copies shall be unredacted, but the portions redacted from public filings should be highlighted, so that the Court will know to refrain from quoting those passages in opinions and orders.  *Pro se* parties are excused from complying with the courtesy-copy requirement.

14.  **Discovery**

The parties are expected to fully comply with Local Civil Rule 26.2. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Civil Rule 7(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. **The parties shall not file a discovery motion without prior consultation with opposing counsel, and without leave of Court.**  If the parties are unable to resolve a discovery dispute, counsel shall contact Chambers jointly in order to arrange for a telephone conference with the Court.

15.  **Settlement**

The parties are expected to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement conference before a magistrate judge.  If counsel are interested in pursuing these options, they may contact Chambers at any time.  If the case settles in whole or in part, counsel shall **promptly** advise the Court.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 11, 2022

ATTACHMENT 1: SAMPLE STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| [NAME(S)],<br><br>      *Plaintiff(s)*,<br><br>  v.<br><br>[NAME(S)],<br><br>      *Defendant(s)*. | Civil Action No. __-___ (TJK) |

**[DEFENDANT'S] STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

| | |
|---|---|
| 1. Plaintiff began working at [Federal Agency] on [date] as an [title of position]. Pl.'s Dep. Tr. at X. | |
| 2. At that time plaintiff was [XX] years old. Pl.'s Dep. Tr. at X. | |
| 3. At all times during her employment with [Federal Agency], plaintiff's supervisor was [name of supervisor]. Pl.'s Dep. Tr. at X; Def.'s Dep. Tr. at X. | |
| 4. Plaintiff received five disciplinary notices during the time she was supervised by [name of supervisor]. Def.'s Dep. Tr. at X. | |
| 5. Plaintiff was dismissed from her position on [date]. Pl.'s Dep. Tr. at X; Def.'s Dep. Tr. at X. | |
| 6. Plaintiff's dismissal was based solely on her failure to report to work at her designated reporting time. Def.'s Dep. Tr. at X. | |

ATTACHMENT 2: SAMPLE COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

[NAME(S)],

      *Plaintiff(s)*,

  v.

[NAME(S)],

      *Defendant(s)*.

Civil Action No. __-___ (TJK)

## [PLAINTIFF'S] COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS

| | |
|---|---|
| 1. Plaintiff began working at [Federal Agency] on [date] as an [title of position]. Pl.'s Dep. Tr. at X. | 1. Admitted. |
| 2. At that time plaintiff was [XX] years old. Pl.'s Dep. Tr. at X. | 2. Admitted. |
| 3. At all times during her employment with [Federal Agency], plaintiff's supervisor was [name of supervisor]. Pl.'s Dep. Tr. at X; Def.'s Dep. Tr. at X. | 3. Admitted. |
| 4. Plaintiff received five disciplinary notices during the time she was supervised by [name of supervisor]. Def.'s Dep. Tr. at X. | 4. Denied. Plaintiff received four, not five written disciplinary notices. Pl.'s Dep. Tr. at X. Plaintiff did not receive a written notice regarding an alleged late arrival on [date], but only a verbal warning. Pl.'s Dep. Tr. at X. |
| 5. Plaintiff was dismissed from her position on [date]. Pl.'s Dep. Tr. at X; Def.'s Dep. Tr. at X. | 5. Admitted. |
| 6. Plaintiff's dismissal was based solely on her failure to report to work at her designated reporting time. Def.'s Dep. Tr. at X. | 6. Denied. [Name of Supervisor] fired plaintiff because of her age. Pl.'s Dep. Tr. at X. |
| | 7. On month, day, year, [name of supervisor] asked plaintiff whether her age caused her to allegedly be late to work. Pl.'s Dep. Tr. at X. |
| | 8. On month, day, year, [name of supervisor] told plaintiff that he had never supervised someone as old as her. Pl.'s Dep. Tr. at X. |

ATTACHMENT 3: SAMPLE REPLY TO COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| [NAME(S)],<br><br>      *Plaintiff(s)*,<br><br>  v.<br><br>[NAME(S)],<br><br>      *Defendant(s)*. | Civil Action No. __-___ (TJK) |

### **[DEFENDANT'S] REPLY TO COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS**

| | |
|---|---|
| 1. Plaintiff began working at [Federal Agency] on [date] as an [title of position]. Pl.'s Dep. Tr. at X. | 1. Admitted. |
| 2. At that time plaintiff was [XX] years old. Pl.'s Dep. Tr. at X. | 2. Admitted. |
| 3. At all times during her employment with [Federal Agency], plaintiff's supervisor was [name of supervisor]. Pl.'s Dep. Tr. at X; Def.'s Dep. Tr. at X. | 3. Admitted. |
| 4. Plaintiff received five disciplinary notices during the time she was supervised by [name of supervisor]. Def.'s Dep. Tr. at X. | 4. Denied. Plaintiff received four, not five written disciplinary notices. Pl.'s Dep. Tr. at X. Plaintiff did not receive a written notice regarding an alleged late arrival on [date], but only a verbal warning. Pl.'s Dep. Tr. at X. |
| 5. Plaintiff was dismissed from her position on [date]. Pl.'s Dep. Tr. at X; Def.'s Dep. Tr. at X. | 5. Admitted. |
| 6. Plaintiff's dismissal was based solely on her failure to report to work at her designated reporting time. Def.'s Dep. Tr. at X. | 6. Denied. [Name of Supervisor] fired plaintiff because of her age. Pl.'s Dep. Tr. at X. |
| 7. Denied. [Name of Supervisor] never asked plaintiff whether her age caused her to be late to work. Def.'s Dep. Tr. at X. | 7. On month, day, year, [name of supervisor] asked plaintiff whether her age caused her to allegedly be late to work. Pl.'s Dep. Tr. at X. |
| 8. Denied. [Name of Supervisor] never told plaintiff that he had never supervised someone as old as her. Def.'s Dep. Tr. at X. | 8. On month, day, year, [name of supervisor] told plaintiff that he had never supervised someone as old as her. Pl.'s Dep. Tr. at X. |