IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, ) ) ) ) *Plaintiff*, ) ) v. ) ) NANCY PELOSI, et al., ) ) ) *Defendants*. ) ) | Case No. 1:22-cv-00659-TJK |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Under Federal Rule of Civil Procedure 65(a) and Local Rule 65.1, Plaintiff Republican National Committee (the "RNC") seeks emergency relief in the form of an expedited preliminary injunction enjoining Salesforce.com ("Salesforce") from producing information in response to a subpoena (the "Salesforce Subpoena") issued by the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the U.S. Capitol (the "Select Committee"), and an order consistent with the RNC's proposed order.

A preliminary injunction is warranted here. *First*, the RNC is likely to succeed on the merits of its claims that the Salesforce Subpoena's expansive demands for documents and materials: (a) violate the RNC's associational rights under the First Amendment of the U.S. Constitution; (b) violate the RNC's rights under the Fourth Amendment; (c) are not in support of a valid legislative purpose; (d) were not made in compliance with House Resolution 503 ("H. Res. 503"); and (d) violate the Stored Communications Act, 18 U.S.C. §§ 2701 to 2712.

As to the First Amendment claim, the Select Committee's compelled disclosure of the RNC's non-public information does not survive exacting scrutiny. The Select Committee's demands are not tailored in support of a substantial government interest. While a criminal investigation by the Executive Branch into the events of January 6, 2021, is undoubtedly a

substantial government interest, that is not Congress's role. Thus, the Salesforce Subpoena was not issued in support of a valid legislative purpose as required for the exercise of Congress's limited subpoena power. Nor are the overly broad demands in the Salesforce Subpoena tailored to the substantial governmental interest that the Select Committee purports to investigate.

As to the Fourth Amendment claim, the broad demands in the Salesforce Subpoena are not reasonably relevant to a valid legislative purpose and are not consistent with the legislation authorizing it. The Salesforce Subpoena demands materials wholly irrelevant to the Select Committee's investigation of the events of January 6, 2021. The Salesforce Subpoena is also unreasonable because the Select Committee afforded no opportunity for the RNC to object to the Subpoena and provided no means to protect irrelevant internal deliberations and the RNC's data from being rummaged through. That the Select Committee elected to eschew any such protections for the RNC demonstrates that, even if the Salesforce Subpoena were reasonably related to a valid legislative purpose (and it is not), it is nevertheless unreasonable under the Fourth Amendment.

As to the no-valid-legislative-purpose claim, the absence of a legitimate legislative purpose means the Salesforce Subpoena is invalid. Congressional subpoenas may not be used in pursuit of any of the powers of law enforcement. Yet, that is precisely what the Select Committee intends. Indeed, the Select Committee's authorizing legislation forbids the Committee from marking up legislation, and members of the Committee have made countless public statements that make clear the purpose of the Committee is not legislative.

As to the *ultra vires* claim, the Salesforce Subpoena does not even comply with the Select Committee's authorizing legislation. H. Res. 503 makes plain that the Chairman of the Select Committee must consult with the "ranking minority member" before issuing a subpoena; but there is no ranking minority member because Speaker Pelosi refused to appoint the member selected by the Minority Leader. The Select Committee's lack of a ranking member for mandatory pre-subpoena consultation is evidence of a larger issue: the Select Committee is not

composed as required under H. Res. 503. All this means the Select Committee's Salesforce Subpoena is unenforceable.

As to Stored Communications Act claim, the Act prohibits the Select Committee from obtaining some of the subpoenaed records from Salesforce—specifically, the actual content of communications stored on Salesforce's servers by requesting the production of "message attributes" associated with the RNC's email campaigns, as well as the private communications of the RNC's staff that are stored on Salesforce's servers. Although such content can be disclosed to a "governmental entity" under specific, narrow circumstances, Congress is not a "governmental entity" because, as the legislative branch, it is not a "department or agency of the United States." Thus, § 2702(a)(1) of the Act prohibits knowing disclosures of "the contents of … communication[s]" stored by Salesforce to the Select Committee absent an express statutory exception outlined in § 2702(b) and (c), none of which apply here.

*Second*, absent preliminary relief, the RNC will suffer irreparable harm. A prospective violation of a constitutional right constitutes irreparable injury for purposes of seeking equitable relief, particularly when First Amendment rights are at issue. Indeed, even the potential for chilling First Amendment rights is a violation of the Constitution, and in turn, irreparable harm. Disclosure of the information requested in the broad categories in the Salesforce Subpoena will result in both direct and indirect harm. The direct harm includes harm to the RNC, as well as people who associate with the RNC and Republican candidates (e.g., supporters, donors, and other partners). There is also a real threat of irreparable indirect harm. The release of the information demanded in the Salesforce Subpoena will expose supporters, donors, and other partners who interact with the RNC and Republican candidates to the risk of economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility by individuals opposed to their association with the RNC and Republican candidates.

*Third*, the balance of equities and public interest strongly favor injunctive relief. The Constitution is the ultimate expression of the public interest, and consequently, government actions in contravention of the Constitution are always contrary to the public interest. The

information Defendants request is protected by multiple layers of constitutional rights that must be afforded consideration prior to any disclosure. Unless the status quo (nondisclosure of the requested information) is maintained, the precise constitutional rights sought to be protected will be destroyed. This Court should therefore issue a preliminary injunction to preserve the rights of the parties pending a resolution of this matter on the merits and enter an order consistent with RNC's proposed order.

Finally, under Local Rule 65.1(d), the RNC requests that this motion be heard on an expedited basis so that the RNC's irreparable harm may be cured as quickly as possible. The Select Committee has demanded that Salesforce produce documents and materials by Wednesday, March 16, 2022. Absent Court intervention on an expedited basis, the RNC's constitutional rights could be forever impaired by the production of constitutionally protected documents and material. The RNC's counsel is not yet aware of the identity of Defendants' counsel in this action and thus has been unable to meet and confer about this motion. *See* Local Rule 7(m). The RNC is in the process of serving this motion consistent with the federal rules.

Respectfully submitted this 15th day of March, 2022.

                                                                                   BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                                                                   By:    *s/ Christopher O. Murray*
                                                                                            Christopher O. Murray
                                                                                            Julian R. Ellis, Jr. *(pro hac vice pending; full admission pending)*
                                                                                             410 17th Street, Suite 2200
                                                                                            Denver, CO 80202
                                                                                            Telephone:  303.223.1100
                                                                                            Fax:  303.223.1111
                                                                                            Email:  cmurray@bhfs.com
                                                                                                    jellis@bhfs.com

*Attorneys for Plaintiff Republican National Committee*