# Exhibit A

March 21, 2022

Salesforce.com, Inc.
415 Mission Street, 3rd Floor
San Francisco, CA 94105

Dear Custodian of Records:

The Select Committee to Investigate the January 6th Attack on the United States Capitol is investigating the facts, circumstances, and causes of the January 6th attack and issues relating to the peaceful transfer of power. The inquiry includes examination of how various individuals and entities coordinated their activities leading up to the events of January 6, 2021, as well as the influencing factors that fomented the attack on the United States Capitol. This letter confirms conversations Select Committee staff have had with Salesforce representatives regarding the scope of the subpoena the Select Committee served upon Salesforce on February 23, 2022.

Specifically, the subpoena requested the following records:

- Request No. 1: All performance metrics and analytics related to email campaigns by or on behalf of Donald Trump for President, Inc. ("Trump Campaign"), the Republican National Committee ("RNC"), or the Trump Make America Great Again Committee ("TMAGAC"), including but not limited to delivery metrics (send rates and bounce rates), engagement metrics (opens, open rates, clicks, click rates, and click-to-open rates), time attributes, and message attributes.

- Request No. 2: All records related to login sessions by individuals associated with the Trump Campaign or the RNC into Salesforce's Marketing Cloud platform, including all related metadata.

- Request No. 3: For the time period of January 1, 2021, to January 31, 2021, all documents and communications concerning investigative reports or analyses conducted by Salesforce regarding the protests, marches, public assemblies, rallies, or speeches in Washington, D.C. on January 5, 2021, or January 6, 2021 (collectively, the "Washington Rallies").

- Request No. 4: For the time period of November 3, 2020, to January 31, 2021, all documents and communications concerning investigative reports or analyses conducted by Salesforce regarding the use of Salesforce's platforms by the RNC or the Trump Campaign and related materials.

- Request No. 5: For the time period of November 3, 2020, to January 31, 2021, all communications between Salesforce representatives and representatives of the RNC or the Trump Campaign concerning the 2020 Presidential election, the continued use of

Salesforce's platforms by the RNC or the Trump Campaign, the Washington Rallies, or any of the facts and circumstances of the topics that are the subject of any of the above requests.

The Stored Communications Act ("SCA") limits a provider's voluntary disclosure of communications content, unless one of the statutory exceptions applies. 18 U.S.C. § 2702(a) & (b). But as we have made clear, the Select Committee is not seeking communications content covered by the SCA.[1] Nor are we seeking any disaggregated information about donors to the RNC, disaggregated information about recipients of solicitations from the RNC, or email addresses acquired by the RNC through voter registration drives, GOTV efforts, or coalition signups.

The SCA expressly permits a provider to disclose "a record or other information pertaining to a subscriber to or customer of such service" to "any person other than a governmental entity," *Id.* § 2702(c)(6), and the statute specifically defines "governmental entity" in a manner that excludes committees of Congress. Because, as a committee of the House, the Select Committee is not a "governmental entity" under the terms of the statute, the SCA does not prohibit disclosing customer records and other customer- or subscriber-related information to the Select Committee. We wish to stress, however, that we are not seeking any individual records or information on donors to the RNC or those whom the RNC solicited.

Nothing in the act limits the ability of a Congressional committee to obtain *non-content* information from a "person or entity providing electronic communication service to the public" via a lawful and duly authorized congressional subpoena. 18 U.S.C. § 2702(a)(1) & (c)(6). To the extent the RNC had communications with Salesforce that reveal the content of a previous fundraising email, we would not expect Salesforce to produce the portion of that communication that reveals the content of the fundraising email.

If you have any questions, please contact my staff at 202-225-7800. Thank you for your attention to these issues.

Sincerely,

Bennie G. Thompson
Chairman

---

[1] The specific data and communications sought by the subpoena fall outside the scope of the information that the SCA protects. Requests one and two seek data hosted by Salesforce, not communications; they do not seek fundraising emails, but rather seek data regarding the RNC's use of Salesforce's tools. Requests three to five seek communications: (1) between the RNC and Salesforce, and (2) internal Salesforce communications regarding the RNC, which are not communications that Salesforce is handling or storing pursuant to its role as "an electronic communication service," 18 U.S.C. § 2510(15), or a "remote computing service," 18 U.S.C. § 2711(2).