UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE,<br><br>*Plaintiff*,<br><br>v.<br><br>NANCY PELOSI et al.,<br><br>*Defendants*. | Civil Action No. 22-659 (TJK) |

## ORDER

In this lawsuit, the Republican National Committee ("RNC") challenges a subpoena issued by the Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). The subpoena orders the production of data from the RNC's third-party data vendor, Salesforce.com, Inc. ("Salesforce").

In its original complaint, the RNC sued the Select Committee, each of the nine House Members serving on the Select Committee, and Speaker of the House Nancy Pelosi ("House Defendants"). *See* ECF No. 1 ¶¶ 12–22. By amended complaint, the RNC sued Salesforce as well, not because it had "breached any contractual or other duty to the RNC" but merely to ensure that the RNC could obtain "effective and complete emergency relief." *See* ECF No. 6 ¶¶ 23, 49–50. The RNC asserts six claims about the subpoena, alleging that it violates the RNC's constitutional rights, is invalid under House Rules, is overbroad and unduly burdensome, and violates the Stored Communications Act. *See id.* ¶¶ 74–142.

After filing its amended complaint, the RNC moved for a preliminary injunction. *See generally* ECF No. 8. In response, Salesforce noted its de facto third-party status and effectively took no position on the RNC's preliminary-injunction motion or the merits of its claims. *See* ECF No.

15 at 1–3.  House Defendants opposed the motion, arguing as relevant here that the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, barred the entire "lawsuit" and asking the Court to "deny the motion and dismiss this action" on that basis.  *See* ECF No. 17 at 28, 34.  In reply, the RNC argued that, at a minimum, the Speech or Debate Clause did not bar the RNC's claims against Salesforce, although it did not explain how its claims could proceed against only Salesforce if the Court were to dismiss House Defendants.  *See* ECF No. 21 at 6–9.

During the April 1 hearing on the RNC's motion, the parties agreed that the Court should consolidate the RNC's motion with the "trial on the merits."  *See* Fed. R. Civ. P. 65(a)(2).  The Court later asked House Defendants whether—assuming it applied—the Speech or Debate Clause barred the entire lawsuit, as they had suggested in their opposition, or only the claims against them, as the RNC had argued in its reply.  House Defendants then backtracked, answering that the Clause barred only the claims against them.  The RNC, for its part, represented that it maintains all its claims against House Defendants *and* Salesforce.  The parties then could not identify for the Court any authority providing meaningful guidance for how to proceed if the Court were to dismiss only the claims against House Defendants.

For these reasons, the Court hereby **ORDERS** the RNC and House Defendants to submit briefs addressing these questions:

1. If the Speech or Debate Clause requires the Court to dismiss the claims against House Defendants, can the RNC's claims against Salesforce proceed or must they be dismissed for some reason?

2. If the Speech or Debate Clause requires the Court to dismiss the claims against House Defendants, does the Speech or Debate Clause operate to bar the RNC's claims against Salesforce in some way?  Does Federal Rule of Civil Procedure 19 play a role in that analysis, similar to the way it generally favors dismissing an entire lawsuit when a "required party" has sovereign immunity and so "cannot be joined" in the action?  *See, e.g.*, *Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Babbitt*, 43 F.3d 1491 (D.C. Cir. 1995); *Ali v. Carnegie Inst. of Wash.*, 306 F.R.D. 20 (D.D.C. 2014).

3. If the Speech or Debate Clause requires the Court to dismiss the claims against House Defendants, does the RNC have standing to assert its claims against Salesforce?

4. If the Speech or Debate Clause requires the Court to dismiss the claims against House Defendants, and the RNC's claims against Salesforce are not subject to dismissal, on what basis may the Court grant summary judgment against Salesforce, given that Salesforce is a private party—effectively a third party in this litigation—and it is not alleged to have played any role in issuing the subpoena?

Salesforce is invited to brief these questions as well, but it is not ordered to do so.

Briefs addressing these questions shall not exceed thirty pages and shall be filed by April 8, 2022. The parties may then file responsive briefs but are not ordered to do so. Any responsive briefs shall not exceed twenty pages and shall be filed by April 12, 2022.

**SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 5, 2022