IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REPUBLICAN NATIONAL COMMITTEE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00659-TJK |
| | ) | |
| NANCY PELOSI, BENNIE G. THOMPSON, ELIZABETH L. CHENEY, ADAM B. SCHIFF, JAMIE B. RASKIN, SUSAN E. LOFGREN, ELAINE G. LURIA, PETER R, AGUILAR, STEPHANIE MURPHY, ADAM D. KINZINGER, SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL, and SALESFORCE.COM, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

**SALESFORCE'S RESPONSE TO THE COURT'S APRIL 5, 2022 BRIEFING ORDER**

As noted by the Court and the other parties, salesforce.com, inc. ("Salesforce") is essentially a third party to this dispute between the RNC and the Committee. Salesforce awaits the judgment of this Court for direction as to the conflicting demands of those parties, and files this response to the Court's April 5, 2022 briefing order to make clear that if the Court dismisses the claims against the House Defendants or grants judgment in their favor, that decision should dispose of all claims against Salesforce as well.

The Amended Complaint alleges that the House Defendants have violated the RNC's constitutional and statutory rights, in part by constituting the committee in violation of House rules and then by issuing a subpoena to Salesforce. But Salesforce played no role in these actions. That is, Salesforce did not constitute a Congressional Committee and it did not issue a

1

subpoena. *See also* ECF No. 6 ¶¶ 23, 49-50 (Salesforce is only a defendant to enable the RNC to obtain relief). As a result, there are no independent claims against Salesforce and the RNC lacks standing to assert claims solely against Salesforce.

If the Court were to reach the merits of claims nominally asserted against Salesforce,[1] judgment should be granted in Salesforce's favor. Salesforce is a private party, and as such cannot violate the First or Fourth Amendment and is not subject to the Constitution's limitations on Congress's powers. Further, the claim based on the Stored Communications Act (SCA) is now moot as the Committee is not seeking, and Salesforce does not intend to produce, any documents restricted by the SCA.

Salesforce takes no position on whether the Speech and Debate clause bars the RNC's claims against the House Defendants or whether the suit must be dismissed under Fed. R. Civ. P. 19. And if the Court finds that it can rule on the merits of the RNC's challenges to the House Defendants' conduct, Salesforce takes no position on whether the Committee was properly formed or whether the subpoena violates the RNC's constitutional rights.

### A. The Complaint Does Not Allege Claims Against Salesforce Independent of the Committee's Actions.

While Salesforce is nominally named as a defendant, the gravamen of each count of the complaint is directed at the House Defendants, not Salesforce. The Amended Complaint, Dkt. No. 6, alleges six claims. Five allege violations of the RNC's constitutional rights and depend solely on the House Defendants' conduct in (1) constituting a Congressional Committee in violation of House Rules and (2) demanding the production of documents that would allegedly violate the RNC's First and Fourth Amendment rights and separation of powers principles. None

---

[1] It was likely unnecessary to add Salesforce as a defendant because any injunction issued against the House Defendants would have been adequate to bind Salesforce under Fed. R. Civ. P. 65(d)(2)(C).

of these claims are based on actions taken by Salesforce, which will comply with the Committee's subpoena requests only in accordance with this Court's ruling and as the Committee has narrowed or clarified those requests through its statements to this Court and communications with Salesforce. As a result, there are no claims alleged against Salesforce that should remain pending if the House Defendants are dismissed from the suit.

>    1. **Constitutional Claims to the Extent They Are Alleged Solely Against Salesforce Should Be Dismissed**

Salesforce is a private party, and as such its actions cannot violate the First or Fourth Amendments. The Amended Complaint first alleges that the Salesforce Subpoena violates the First and Fourth Amendments. The First Amendment prohibits the government from infringing on a party's rights, not private parties. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019); *The Pen v. DC Radio Assets, LLC*, 181 F. Supp. 3d 49, 53 (D.D.C. 2014) ("The First Amendment has never been read to require private parties to guarantee freedom of speech to other private parties."). And, likewise, the Fourth Amendment prohibits governmental action, not private parties' activities. *Skinner v. Ry. Lab. Execs.' Ass'n*, 489 U.S. 602, 614 (1989). Because Salesforce is a private party, an independent claim cannot be stated against it for violating the First or Fourth Amendment.

Similarly, a private party like Salesforce cannot violate separation of powers principles. The Complaint's third and fourth claims allege that the subpoena lacks a valid legislative purpose, and the Committee lacks the necessary Congressional authorization. The fifth claim appears to be related—alleging that the subpoena is simply *broader* than any legislative purpose the Committee may have. Each of these claims thus turns on allegations that the House Defendants violated separation of powers principles in issuing the subpoena. Much like the First and Fourth Amendment, the Constitution's separation of powers principle aims to limit

*government overreach*—not a private party's actions. Thus, no claims can be stated against a private party like Salesforce for violating these principles.

### 2. The Stored Communications Act Claim is Moot.

The sixth claim, regarding the Stored Communications Act ("SCA"), re-asserts Salesforce's objection to the subpoena to the extent that it calls for Salesforce to produce the contents of communications subject to the SCA. The Committee has subsequently clarified at the hearing and in writing that it is not seeking the contents of communications sent through Salesforce's service. As such, the SCA would not prohibit any portion of Salesforce's anticipated production. 18 U.S.C. § 2702(c)(6).

Furthermore, if Salesforce produced data to the Committee, Salesforce would have complete immunity from suit under two different provisions of the SCA. First, under 18 U.S.C. § 2703(e), "**no cause of action** shall lie" in any court "for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter" (emphasis added). Salesforce thus cannot not be sued after the fact (or before) for complying with the terms of a subpoena.[2]

Second, even where a subpoena is not valid, as the RNC alleges here, a different provision, 18 U.S.C. § 2707(e), extends immunity to Salesforce by providing it with a complete defense to any civil or criminal action if it relies in good faith on a "court warrant or order, a

---

[2] In similar cases regarding immunity for providers under 47 U.S.C. § 230, courts have concluded that the immunity precludes suits for injunctive relief. *Noah v. AOL Time Warner, Inc.,* 261 F. Supp. 2d 532, 540 (E.D. Va. 2003) ("Indeed, given that the purpose of § 230 is to shield service providers from legal responsibility for the statements of third parties, § 230 should not be read to permit claims that request only injunctive relief. After all, in some circumstances injunctive relief will be at least as burdensome to the service provider as damages, and is typically more intrusive."); *Medytox Sols., Inc. v. Investorshub.com, Inc.*, 152 So. 3d 727, 731 (Fla. Dist. Ct. App. 2014) ("Moreover, other courts have found that the immunity afforded by section 230 encompasses claims for injunctive relief.").

grand jury subpoena, or a legislative or statutory authorization." *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1182 (9th Cir. 2013) (immunity attaches so long as subpoena, on its face, appears genuine even if the subpoena is later found to be invalid). Here, producing records information to a non-governmental entity falls within the specific legislative authorization contained in 18 U.S.C. § 2702(c)(6). As a result, since claims could not be maintained against Salesforce for any action taken in compliance with the Committee's subpoena, then accordingly, this claim if applied to Salesforce is also entirely tied to the immunities and defenses of the House Defendants.

### B.      The RNC Lacks Standing to Proceed with Claims Solely Against Salesforce

If the House Defendants are dismissed under the Speech and Debate Clause, the RNC has no independent standing to assert its claims solely against Salesforce. Even if the RNC can show injury in fact if Salesforce is forced to disclose certain documents in response to the subpoena, the injury is not fairly traceable to Salesforce's actions nor is the injury likely to be redressed by an injunction running solely against Salesforce.

The RNC lacks standing to challenge the production of Salesforce's own documents because it cannot show an injury in fact related to the disclosure of Salesforce's internal reports and communications, which are the subject of Subpoena Schedule 3-5. ECF 8-3 at 6. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (requiring injury that is both particular and concrete to the individual).[3] For these documents, Salesforce has its own rights and incentives to "resist and thereby test the subpoena" if and where it deems appropriate, or to comply with it. *Eastland*, 421 U.S. at 501 n.14. But the RNC does not.

---

[3] Salesforce does not contest that the disclosure of information in response to Requests 1 and 2 may create an injury in fact to the RNC sufficient for standing—because those requests call for the RNC's data. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 501 n.14 (1975) (suggesting injury in fact when party's own records are sought from a third-party custodian).

Separate and apart from injury in fact, the other two required prongs of the standing analysis for claims against Salesforce are similarly not met: demonstrating that its injury "is fairly traceable to the challenged conduct of the defendant," and "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338. A plaintiff must demonstrate standing for each claim and each form of relief. But these prongs of the standing analysis are lacking in all circumstances.

Salesforce itself has not affirmatively chosen to disclose any documents, meaning the RNC's injury is not traceable to the company. Instead, any injury to the RNC would be the result of compulsion by a subpoena from the Committee, who would no longer be a defendant. In other words, the RNC's injury would stem from the "independent action of some third party not before the court." *Ass'n of Am. Physicians & Surgeons v. Schiff*, 518 F. Supp. 3d 505, 516 (D.D.C. 2021) (citation omitted), *aff'd,* 23 F.4th 1028 (D.C. Cir. 2022). *Cf. Trump v. Comm. on Ways & Means*, 415 F. Supp. 3d 38, 48 (D.D.C. 2019) *appeal dismissed,* 2020 WL 7021489 (D.C. Cir. Nov. 13, 2020) (finding that injury stemming from a congressional request to a New York official to produce plaintiff's tax records in accordance with the law was fairly traceable to the *congressional committee* itself). For much of the same reason, any ultimate redress would "very much be an open question" since the House Defendants would no longer be "parties to the case" who could be ordered to comply with any injunction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 568 (1992). Thus, if the Court finds that the Committee's actions are a legitimate and "indispensable ingredient of lawmaking" under the Speech or Debate Clause (*Eastland*, 421 U.S. at 505) resulting in the claims against the Committee being dismissed, the Committee would be free to compel Salesforce's compliance with the subpoena, defeating the RNC's ultimate goal of redress.

### C. If the Court Concludes That the Claims Against the Committee Fall, So Too Must the Claims Against Salesforce.

Although Salesforce takes no position on the merits of the RNC's claims that the House Defendants' actions violated its constitutional rights, if the Court dismisses claims against the House Defendants or grants summary judgment in their favor, that decision should dispose of all claims against Salesforce. First, the strong immunity provisions in the SCA support this: no cause of action may lie against Salesforce for complying with the Subpoena. *See*, Section A(1) *supra*. The SCA instead requires the aggrieved party to make claims against the requesting party, not a provider like Salesforce. Second, to the extent this Court finds that Salesforce *can* be sued—it would be because it acted as required by the Committee, and in analogous cases in which a private party is sued for complying with the government's efforts to obtain evidence in violation by the government of a party's constitutional rights—usually involving responding to or assisting in execution of a search warrant—the private party is afforded the same defenses as the state actor engaged in the conduct. *See Warner v. Grand Cnty.*, 57 F.3d 962, 965 (10th Cir. 1995) (holding that a private individual who performs a unique government function at the request of a state official who enjoys qualified immunity also enjoys qualified immunity). Thus, if the Court dismisses claims against the House Defendants because they enjoy immunity from suit, it should dismiss those claims against Salesforce—as it is not capable of independently violating any of the RNC's constitutional rights.[4]

### Conclusion

As noted by the Court and the other parties, Salesforce is essentially a third party to the dispute between the RNC and the Committee. The RNC's claims are based on allegations that

---

[4] To the extent the Court finds any defenses not applicable, Salesforce incorporates the Committee's arguments by reference, so as to preserve them for purposes of any appeal.

7

the *House Defendants*, not Salesforce, are acting improperly. For its part, Salesforce is not alleged to have engaged in any independent action that would give rise to a claim against it or that would redressable by judicial intervention. If claims against the Committee are resolved, there is no independent basis for those claims to proceed solely against Salesforce. And any defenses the House Defendants have are equally applicable to Salesforce if acting under compulsion by the Committee.

Dated: April 8, 2022

Respectfully submitted,

By: /s/ Marc J. Zwillinger
**ZWILLGEN PLLC**
Marc J. Zwillinger (DC Bar ID No. 451665)
Jacob Sommer (DC Bar ID No. 494112)
1900 M Street NW, Suite 250
Washington, DC 20036
(202) 296-3585
marc@zwillgen.com
jake@zwillgen.com

*Counsel for Salesforce.com*

## CERTIFICATE OF SERVICE

I certify that a copy of the document above was filed with the Court via the Court's electronic filing system and thereby served on all counsel of record.

                        By:   /s/ Marc J. Zwillinger
                            Marc J. Zwillinger (DC Bar ID No. 451665)