**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

REPUBLICAN NATIONAL COMMITTEE,

        *Plaintiff*,

   v.

NANCY PELOSI, *et al*.,

        *Defendants*.

Case No. 1:22-cv-00659-TJK

---

**CONGRESSIONAL DEFENDANTS' NOTICE**
**REGARDING APRIL 18, 2022 STATUS CONFERENCE**

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004

ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, D.C. 20001

*Counsel for the Congressional Defendants*

During a status conference on April 18, 2022, this Court asked the Congressional Defendants whether the Court can address, in the alternative, the merits of this case after concluding that the Congressional Defendants are protected by Speech or Debate Clause immunity. It can. Binding D.C. Circuit precedent establishes that this Court has authority to consider the merits of this case even after concluding that the suit suffers from jurisdictional defects, such as the Congressional Defendants' immunity under the Speech or Debate Clause or the RNC's possible lack of standing to assert claims against Salesforce. To do so in this case would serve judicial economy and help ensure a prompt resolution of this urgent dispute.

In *Lesesne ex rel. B.F. v. District of Columbia*, 447 F.3d 828 (D.C. Cir. 2006), the D.C. Circuit affirmed a district court decision that had reached the merits after the lower court determined that it lacked jurisdiction because the controversy had become moot. The district court had nevertheless ruled on the merits as an alternative holding. On appeal, the D.C. Circuit held that the district court had incorrectly concluded that it lacked jurisdiction, but that the district court "did not err in reaching the merits of the case." 447 F.3d at 833.

The D.C. Circuit expressly rejected the plaintiff's argument that the district court's alternative holding on the merits constituted an impermissible "advisory opinion." *Id.* The D.C. Circuit distinguished the Supreme Court's admonition that courts should not assume "hypothetical jurisdiction." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)); *see also Info. Handling Servs., Inc. v. Def. Automated Printing Servs.*, 338 F.3d 1024, 1031 (D.C. Cir. 2003) (reaching merits of appeal where district court had granted defendant summary judgment on the merits, as an alternative ground, after concluding that plaintiff lacked standing). The *Lesesne* court approvingly cited other circuits that, in the wake of the Supreme Court's decision in *Steel Co.*, had affirmed decisions in which district courts issued merits-based

alternative holdings after concluding that jurisdiction was lacking.  *See id.* (citing *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248 (10th Cir. 2004); *Verhoeven v. Brunswick Sch. Comm.,* 207 F.3d 1, 7-11 (1st Cir. 1999)).

Some courts have disagreed with the D.C. Circuit's approach—*see, e.g.*, *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172-73 (9th Cir. 2013); *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85-86 (2d Cir. 2006)—but, unlike *Lesesne*, these cases are not binding on this Court.

In *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, the D.C Circuit stated in dicta that a "court must assure itself of the existence of subject-matter jurisdiction before reaching the merits regardless of whether a party raises a jurisdictional challenge."  896 F.3d 501, 510 (D.C. Cir. 2018).  But, there, the D.C. Circuit was simply summarizing *Steel Co.*'s rule of priority in which a court cannot "assume[] it has jurisdiction over a claim and proceed[] to resolve it on the merits."  *Id.* at 510.  Here, by contrast, the Court would not be assuming jurisdiction; it would address the Speech or Debate Clause and then rule on the merits in the alternative.  In any event, even if there were any tension between *Kaplan* and *Lesesne*, the latter would govern here.  *See Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011) ("[W]hen a decision of one panel is inconsistent with the decision of a prior panel, the norm is that the later decision, being in violation of that fixed law, cannot prevail.").

Under *Lesesne*, this Court thereafter clearly has the authority to do what the Congressional Defendants have urged and issue a merits-based alternative holding even after concluding that the RNC lacks standing as to Salesforce and that the Congressional Defendants are protected by Speech or Debate Clause immunity.

*Lesesne* concerned lack of jurisdiction due to mootness.  The same analysis applies where standing is involved, because both issues are irreducible components of Article III jurisdiction. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins both our standing and our mootness jurisprudence[.]"); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) ("Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." (internal quotation marks omitted)).  Indeed, in a case involving arguments at issue here, the Eighth Circuit affirmed a district court dismissal of a 42 U.S.C. § 1983 suit on the basis of an absence of state action, an issue that the district court had reached only after concluding that the plaintiffs lacked standing.  *See Sabri v. Whittier Alliance*, 833 F.3d 995 (8th Cir. 2016).

Courts in this district have routinely issued alternative rulings after holding that jurisdiction is lacking, just as we are urging here.  *See, e.g.*, *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 196 (D.C. Cir. 2003) (noting that the district court had dismissed the complaint on two alternate grounds: lack of standing and failure to state a claim); *Virginia v. Ferriero*, 525 F. Supp. 3d 36, 40 (D.D.C. 2021) (dismissing suit against the Archivist of the United States for failure to certify the Equal Rights Amendment because plaintiff states lacked standing and because, alternatively, the Congressional deadline for ratifying the amendment had expired); *Nat'l Immigr. Project of Nat'l Laws. Guild v. Exec. Off. of Immigr. Rev.*, 456 F. Supp. 3d 16, 30 (D.D.C. 2020) (holding on multiple grounds that the court lacked jurisdiction, and alternatively holding that "even if the Court did have jurisdiction," the defendants' policies "do not constitute final agency action subject to [Administrative Procedure

Act] challenge, and in any event, those policies are not arbitrary and capricious"); *Freedom Watch, Inc. v. McAleenan*, 442 F. Supp. 3d 180, 183 (D.D.C. 2020) ("[E]ven if Plaintiff had standing, Freedom Watch's complaint does not state a claim sufficient to survive Defendant's 12(b)(6) motion to dismiss."); *Viola v. Fed. Deposit Ins. Corp.*, No. CV 18-2351 (JEB), 2019 WL 2492786, at *2-6 (D.D.C. June 14, 2019) (citing *Steel Co.* for the proposition that "the Court, as it must, first considers Defendants' jurisdictional challenges before exploring defects in [plaintiff's] claims against each Defendant"; then holding that the plaintiff lacks standing and, in the alternative, he failed to state any claim against the defendants (citation omitted)); *Jangjoo v. Broadcasting Board of Governors*, 244 F. Supp. 3d 160, 175 (D.D.C. 2017) (holding that plaintiff lacked standing and proceeding to consider and reject on the merits his procedural due process claim); *Harrigan v. Yang*, 168 F. Supp. 3d 25 (D.D.C. 2016) (dismissing suit on standing grounds and noting that plaintiff also failed to state a claim); *Holistic Candlers and Consumer Ass'n v. U.S. Food and Drug Admin.*, 770 F. Supp. 2d 156 (D.D.C. 2011) (dismissing suit for lack of standing and ripeness and then concluding that the claims "would still fail as a matter of law"), *aff'd*, 664 F.3d 940 (D.C. Cir. 2012); *Jones v. Louisiana State Bar Ass'n*, 738 F. Supp. 2d 74 (D.D.C. 2010) (dismissing suit for lack of standing and also concluding that plaintiff failed to state a claim upon which relief could be granted), *aff'd*, 2011 WL 11025624 (D.C. Cir. 2011) (per curiam) ("The district court properly dismissed the claims against the District of Columbia Bar and the other six defendants located in the District of Columbia on the grounds the plaintiff lacked standing under Article III of the Constitution and the complaint failed to state a claim upon which relief could be granted."); *Bostic v. U.S. Capitol Police*, 644 F. Supp. 2d 106, 110 (D.D.C. 2009) (holding that the court lacked jurisdiction because there was no waiver of sovereign immunity, and further holding that "even if" the court had jurisdiction "the claims

would be dismissed for failure to state a claim upon which relief can be granted"); *Uberoi v. EEOC*, 180 F. Supp. 2d 42 (D.D.C. 2001) (dismissing suit on sovereign immunity grounds, but also ruling for defendant on the merits "assuming arguendo that the court has subject-matter jurisdiction over the plaintiff's complaint"), *aff'd*, 36 Fed Appx. 457 (per curiam) (holding that plaintiff failed to state a claim on the merits); *Poland v. Reno*, 29 F. Supp. 2d 8 (D.D.C. 1998) (dismissing challenge to death sentence on standing grounds and also concluding that plaintiff could not prevail because he had not shown cause for presenting successive habeas petition).

## CONCLUSION

For the reasons stated above, in their earlier supplemental briefs, and in their initial brief, the Congressional Defendants urge this Court to: first, dismiss the Congressional Defendants pursuant to their immunity under the Speech or Debate Clause; second, rule, in the alternative, that the RNC's claims fail on their merits; and third, dismiss the entire case because the Congressional Defendants are indispensable parties under Rule 19.

Respectfully submitted,

/s/  *Douglas N. Letter*
DOUGLAS N. LETTER
   *General Counsel*
TODD B. TATELMAN
   *Principal Deputy General Counsel*
ERIC R. COLUMBUS
   *Special Litigation Counsel*
MICHELLE S. KALLEN
   *Special Litigation Counsel*
STACIE M. FAHSEL
   *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

(202) 225-9700
Douglas.Letter@mail.house.gov

-and-

SHER TREMONTE LLP
Justin M. Sher
Michael Tremonte[*]
Noam Biale
Maya Brodziak[*]
Kathryn E. Ghotbi[*]
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
JSher@shertremonte.com
MTremonte@shertremonte.com
NBiale@shertremonte.com
MBrodziak@shertremonte.com
KGhotbi@shertremonte.com

-and-

ARNOLD & PORTER
John A. Freedman
Paul Fishman
Amy Jeffress
601 Massachusetts Ave, NW
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Paul.Fishman@arnoldporter.com
Amy.Jeffress@arnoldporter.com

[*] Appearing pursuant to 2 U.S.C. § 5571(a).

Dated:  April 19, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2022, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for the District of Columbia, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter