**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| REPUBLICAN NATIONAL COMMITTEE, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | **Case No. 1:22-cv-00659-TJK** |
| NANCY PELOSI, et al., | ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFF'S RESPONSE TO CONGRESSIONAL DEFENDANTS'
NOTICE REGARDING APRIL 18, 2022 STATUS CONFERENCE**

Christopher O. Murray
STATECRAFT PLLC
1263 Washington Street
Denver, CO 80203
Tel:  602.362.0034
Email:  chris@statecraftlaw.com

*Attorney for Plaintiff Republican National Committee*

On April 18, 2022, the Court held a status conference. At the conference, the Court asked the Congressional Defendants whether they would intervene in the case, as they have done in other congressional subpoena cases, *see, e.g.*, *Trump v. Mazars*, 140 S. Ct. 2019, 2028 (2020), in the event they are dismissed under the Speech or Debate Clause. The Court noted that their intervention would allow the Court to reach the merits of the RNC's claims without first having to decide whether the RNC has standing to pursue its First Amendment, Fourth Amendment, and Stored Communications Act claims against Salesforce.

Congressional Defendants refused to commit to intervention. Instead, they asked the Court to decide the merits of the RNC's claims against Salesforce "in the alternative." At the Court's invitation, the Congressional Defendants filed a short notice with cases they believe permit such an alternative ruling. (*See* Cong. Defs.' Notice re April 18, 2022 Status Conference ("Cong. Defs.' Notice") at 1.) The Court invited the RNC to respond to the Congressional Defendants' notice; the RNC therefore submits this short Response.

Initially, the Congressional Defendants continue to ask the Court to let them have their cake and eat it too. They urge the Court to ***first*** conclude they are entitled to legislative immunity; ***second***, hold the RNC lacks standing to vindicate its serious constitutional (and statutory) claims against Salesforce in their absence; and ***third***, enter an alternative advisory opinion analyzing the substance of the RNC's claims in their favor on the basis of briefing they have submitted on the merits. All this, in the name of "judicial economy." (*See* Cong. Defs.' Notice at 1.) Given the Congressional Defendants' refusal to intervene if dismissed, the Court could be forgiven for questioning whether these Defendants are truly concerned about wasting the Court's time.

Nevertheless, the RNC agrees the Court should reach the merits of its claims against Salesforce, even if the Court—incorrectly—concludes that the Congressional Defendants' Subpoena to Salesforce is in service of a valid legislative purpose. It should reach the merits because the RNC unquestionably has standing to pursue these claims against Salesforce in challenging the Subpoena at issue here. (*See* Pl.'s Suppl. Br. at 14–20.) And, if the Court reaches

the merits of these claims (as it should), it should decide these claims in the RNC's favor because the Subpoena fails exacting scrutiny as a compelled disclosure under the First Amendment, is unreasonable under the Fourth Amendment, and violates the Stored Communications Act. Such a ruling would not be a ruling "in the alternative," as urged by the Congressional Defendants, but a necessary ruling on the merits of the RNC's claims, which would be subject to appeal.

If, however, the Court holds that the RNC lacks standing to pursue its First Amendment, Fourth Amendment, and Stored Communications Act claims against Salesforce in the Congressional Defendants' "absence" post-dismissal, the Court should stand on such a holding. Such a holding would, for the reasons articulated in the RNC's supplemental briefing (*see* Pl.'s Suppl. Resp. Br. at 10–12), be a watershed holding necessitating review by the appellate courts. And any ruling the Court were to make "in the alternative" would be advisory, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), and not subject to deference on appeal.

The RNC respectfully requests that the Court grant Plaintiff's motion for preliminary injunction and enter an order enjoining Defendant Salesforce from producing information, or sitting for a deposition, in response to the Salesforce Subpoena.

Respectfully submitted this 20th day of April, 2022.

STATECRAFT PLLC

By:     *s/ Christopher O. Murray*
        Christopher O. Murray
        1263 Washington Street
        Denver, CO 80203
        Tel:  602.362.0034
        Email:  chris@statecraftlaw.com

*Attorney for Plaintiff Republican National Committee*

**CERTIFICATE OF SERVICE**

I certify that on April 20, 2022, I filed this **Plaintiff's Response to Congressional Defendants' Notice Regarding April 18, 2020 Status Conference** via the CM/ECF system for the U.S. District Court for the District of Columbia, which will cause a copy to be served on all registered parties.

*s/ Christopher O. Murray*
Christopher O. Murray