United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-5123**　　　　　　　　　　　　　　**September Term, 2022**

**1:22-cv-00659-TJK**

**Filed On:** September 16, 2022

Republican National Committee,

      Appellant

    v.

Nancy Pelosi, in her official capacity as Speaker of the United States House of Representatives, et al.,

      Appellees

    **BEFORE:**   Katsas, Rao, and Walker, Circuit Judges

## O R D E R

Upon consideration of the appellees' unopposed motion to dismiss on grounds of mootness; the court's order filed on September 13, 2022; and the responses thereto, it is

**ORDERED** that the motion be granted and this case be dismissed as moot and removed from the September 23, 2022 oral argument calendar. It is

**FURTHER ORDERED** that the district court's May 1, 2022 judgment be vacated.

In this appeal, the Republican National Committee challenges a subpoena issued by the House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol. The subpoena sought various documents held by Salesforce.com, an RNC vendor, regarding fundraising emails sent by the RNC to its supporters. The RNC claimed that disclosure of these documents would reveal sensitive information about its digital strategy, so it sued to prevent the disclosure. The RNC argued that the Committee was not lawfully constituted and that the subpoena violated the First Amendment. The district court disagreed.

In this Court, the Committee has taken various positions on whether and when it needs the subpoenaed RNC documents. On May 24, 2022, the Committee urged us to deny an injunction pending appeal because even a modest delay in accessing the RNC's documents would deprive it of "key information" relevant to an investigation that had already reached a "critical stage." Response to Appellant's Emergency Motion for Administrative Injunction and Injunction Pending Appeal at 4. One day later, we granted

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-5123**　　　　　　　　　　　　　　　　　　　　**September Term, 2022**

an injunction allowing the appeal to be heard, and we set an expedited schedule for briefing and oral argument in less than three weeks.  Four days after that, the Committee moved to postpone the briefing and argument and to set a much less expedited briefing schedule that extended over the summer.  We granted the motion and set oral argument for September 23.  In due course, the Committee filed its merits brief, which asserted a "compelling" need to determine "how RNC's emails gave rise to an attempted coup."  Brief for U.S. House Defendants-Appellees at 56, 58.

　　　But on September 2, the Committee reversed course.  It withdrew the subpoena, promised not to renew it, and moved to dismiss the appeal as moot.  The Committee now "represents to the Court and the parties that it will not renew th[e] subpoena for the duration of its investigation."  Unopposed Motion by Congressional Defendants/Appellees to Dismiss on Grounds of Mootness at 4.  The Committee "further represents that it is not currently seeking, and will not in the future seek, the RNC's data from Salesforce—or from any other source—in the discharge of its obligations."  *Id.*

　　　Despite its earlier statements, we take the Committee at its word.  Based on the express representations made in the September 2 motion, we conclude that the RNC's appeal has become moot.  Because the Committee caused the mootness and thereby deprived us of the ability to review the district court's decision, and given the important and unsettled constitutional questions that the appeal would have presented, we vacate the district court's judgment.  *See, e.g.*, *N. Cal. Power Agency v. Nuclear Regul. Comm'n*, 393 F.3d 223, 225 (D.C. Cir. 2004) (vacatur is the standard form of relief when "the actions of the prevailing party ended the controversy"); *Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) (en banc) (ordering vacatur for "avoidance of constitutional questions").

　　　The Clerk is directed to issue the mandate forthwith to the district court.


**Per Curiam**


　　　　　　　　　　　　　　　　　　　　**FOR THE COURT:**
　　　　　　　　　　　　　　　　　　　　Mark J. Langer, Clerk

　　　　　　　　　　　　　　　　　BY:　/s/
　　　　　　　　　　　　　　　　　　　　Michael C. McGrail
　　　　　　　　　　　　　　　　　　　　Deputy Clerk